WILMA C. EDGAR, appellant, v. ARMORED CARRIER CORPORATION, appellee.

No. 51241.

(Reported in 128 N.W.2d 922)

701

June 9, 1964.

J. W. Ritchie, of Indianola, for appellant.

702

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee.

THOMPSON, J.—To err is human; to forgive, or at least to permit correction of mistakes, is sometimes the prerogative of the courts. The mistake, or oversight, in the instant case is obvious; the question before us is whether the trial court should be upheld in its ruling which gives the defendant a second chance to appear and defend. On June 6, 1963, the plaintiff filed her action for damages claimed to have arisen through the negligence of the defendant's driver in the operation of a motor vehicle. The driver was also made a party, but he is not involved in the present appeal. Armored Carrier Corporation will hereinafter be known as Armored; its insurance carrier, Hartford Accident & Indemnity Company, will be referred to as Hartford.

On June 7, 1963, original notice of the suit was served on Clarence Cosson, Armored's process agent, in Des Moines. The notice was promptly forwarded to Armored in New York, and by it to Hartford at its New York offices. Affidavits of Hartford officials show the notice was received by that company on June 13, but was lost or mislaid and has never been found. So it received no attention and no appearance was filed for Armored prior to the entering of default on June 27, and a judgment for $135,000 on July 1 next. Hartford had the duty to represent and defend for Armored, and Armored relied upon the insurer to do so. These things, and other facts, are shown by affidavits attached to the motion to set aside default. There is no substantial dispute in the facts, although it is possible different inferences may be drawn from them. An affidavit states: "* * * had said notice not been lost, it would have been processed in the ordinary course of business, our Des Moines claim office timely notified and our Des Moines counsel instructed to enter a timely appearance and defend on behalf of Armored Carrier Corporation."

An affidavit of Dean F. Hodges, a claim supervisor in the Des Moines office of Hartford, was also attached to the motion to set aside default. From it these things appear: On

June 24 Hodges talked with plaintiff's attorney, said he knew the driver had been served, and was told Armored's process agent had also been served. No service date was mentioned other than June 18, and Hodges concluded that was the approximate date of service against which he should guard, and he "figured our appearance was due by July 8, 1963." At all times it was his intention to see that a timely appearance was made for both defendants. Ritchie did not tell him service had been made on Armored on June 7, and he thought if an earlier service than June 18 had been had, Ritchie would have told him. Mr. Ritchie's affidavit, filed in connection with plaintiff's resistance to the motion to set aside the judgment, is not materially different, except he said he told Hodges the petition and return of service on Armored was on file in the courthouse; and that when Hodges said they would have until sometime after July 1 to appear he made no reply. Mr. Ritchie, then, knew that Hodges was under a misapprehension as to the date for Armored's appearance. Whether he was under any duty to correct this mistake we do not decide; but it is apparent he knew that Armored intended to appear and defend on the merits.

The motion to set aside default, around which the storm centers in this case, was filed on July 5, 1963. At the same time answer of Armored to the petition of the plaintiff was filed. It denies generally in separate paragraphs the material allegations of the petition, and so asserts a meritorious defense. Resistance to the motion was filed on July 15, and on September 16 next the trial court by written ruling set aside the default and judgment. We granted leave to appeal, under rule 332, Rules of Civil Procedure.

I. Rule 236 provides: "On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation."

704

■ The problem raised by this appeal is whether the trial court abused its discretion in setting aside the default and judgment. The plaintiff first asserts that "an insurance carrier, not a party to the action, has no right or authority to have a default judgment against a named defendant, set aside, when it occurred as the result of the insurance carrier's intentional or unintentional failure to timely appear and defend." If this means that the insurer may not in its own name ask that the default be set aside, the answer must be that we have no such situation here. The motion to set aside default was made in the name of Armored. It may be, and very likely is, that the duty rested upon the insurer to defend. Most defenses in this type of case are in fact made by an insurer; but we know of no precedent for holding that the insurance carrier may not defend in any legal and proper way in the name of its insured. The judgment was against Armored; and although the insurer may have been remiss in failing to see that a timely appearance was filed in the name of its insured, it still had the right to take whatever steps were then available to make a defense as agent for the one covered by the policy.

■ ■ II. The substantial question in the case is whether the trial court was within its fair discretion in setting aside the judgment. The burden was upon the movant to show good cause which would warrant a finding of "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Rule 236, supra. But we may not interfere with the findings of the trial court at this point unless its determination is without support in the evidence. Handy v. Handy, 250 Iowa 879, 884, 96 N.W.2d 922, 926.

■ There are of course other well-settled rules applicable to the present situation. The trial court has a broad judicial discretion in passing upon motions to set aside defaults; we are more reluctant to interfere with the grant of such a motion than with its denial; and every fair presumption will be indulged in favor of the trial court's ruling. Handy v. Handy, supra, loc. cit. 250 Iowa 884, 885, 96 N.W.2d 926.

■ Another and somewhat more specific rule is stated in Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23: "It has

been the holding of this court that where a party in good faith is shown to have intended to defend but fails to do so because of accident or excusable neglect the trial court is justified in setting aside the default and in permitting the pleading of a defense." We quoted this with approval in Handy v. Handy, supra, loc. cit. 250 Iowa 885, 96 N.W.2d 926.

It will be noted that rule 236, supra, is more favorable to the litigant who seeks to set aside a default than was our statute prior to the adoption of the rule. Section 11589, Code of 1939, required that a "reasonable excuse" must be shown; the rule now includes the words "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." But even under the former statute, we held that failure of an attorney, through oversight, to appear after being employed required setting aside a default. In Reilley v. Kinkead, 181 Iowa 615, 165 N.W. 80, we reversed the refusal of the trial court to set aside a default and judgment, when it appeared that through confusion in the office of defendant's attorney no appearance had been timely made. We said: "The courts are not disposed to be overtechnical in denying hearing to a party who, in good faith and without negligence, desires and intends to try his case upon its merits. * * * It has also been held that the mistake of an attorney, even though it relates to a matter of which he is required by law to take notice, may afford good ground for excusing a default." Loc. cit. 181 Iowa 621, 165 N.W. 82.

The exact situation brought about by the loss or misplacement of the original notice in Hartford's office has often been before the courts in other jurisdictions. In a great majority of these cases the holding has been that under circumstances similar to those shown here the default and judgment should be set aside. In Hinz v. Northland Milk & Ice Cream Co., 237 Minn. 28, 29, 53 N.W.2d 454, 455, an order of the lower court denying a motion to set aside a default judgment was reversed. The Minnesota statute provided, as does our rule, that the court might "relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Minnesota Stat. Anno., section 544.32. The record showed that the de-

fendant had with reasonable promptness delivered the summons to its insurer, which mislaid the papers so that no appearance was filed in time. The Minnesota Supreme Court said: "Likewise, a defendant possessed of a good defense on the merits will, as a matter of sound judicial discretion, be relieved from a default judgment entered because of the mistake or negligence of his lawyer, if he acts with diligence, and no substantial prejudice will result to the other party." Loc. cit. 237 Minn. 31, 53 N.W.2d 456.

To the same effect are Ellington v. Milne (DC NC), 14 FRD 241; Orange Transportation Co. v. Taylor, 71 Idaho 275, 230 P.2d 689; Toon v. Pickwick Stages, 66 Cal. App. 450, 226 P. 628; Scott v. McEwing, 337 Pa. 273, 10 A.2d 436, 126 A. L. R. 367; Busser v. Noble, 8 Ill. App.2d 268, 131 N.E.2d 637, and other cases. See 87 A. L. R.2d 870, 879–881 inclusive. A few cases are to the contrary, but the great weight of authority upholds the discretion of the trial court in abrogating the default judgment. In fact, some of them reverse the denial of a motion to set aside the default. We are satisfied that they announce the correct rule, to the extent at least they uphold the discretion of the trial court in setting aside a default.

Some of the cases, as Hinz v. Northland Milk & Ice Cream Co., supra, stress the importance of prompt action by the defaulted party. Thus, in the Hinz case, it is said: "In the instant case, the neglect of the attorney was secondary, and * * * caused no material delay. Within 24 hours after the hasty entry of default judgment, defendant took proper action to have the judgment opened."

Compare this with the situation in the case at bar, where the default was entered on June 27; in fact, one day before the time for appearance had expired. This was "hasty" to a high degree. The judgment was then entered on July 1, and the motion to set aside default was filed on July 5th next. No prejudice to the plaintiff appears, and no undue delay of the trial on the merits, which could have been had in regular course but for this appeal.

There is much discussion of the oft-repeated statement

that courts favor trials on the merits. We qualified this some-what in Windus v. Great Plains Gas, 255 Iowa 587, 600, 122 N.W.2d 901, 909, by saying that such trials are favored when expeditious and under settled rules of procedure. Here we have a rule of procedure, No. 236, which prescribes when and to what extent action to set aside a default may be taken. No approval should be given to gross neglect or wilful procras-tination; but under the circumstances shown here, when the defendant has acted promptly, and in good faith, intends to defend and shows a meritorious defense, and there has been no prejudice to the plaintiff and no delay of an expeditious trial, we hold that at least the trial court has discretion to set aside the default and judgment. Whether, if its action had been a refusal to cancel the judgment we would reverse we have no occasion to decide.

III. Some emphasis is placed on the fact that Hartford's agent Hodges knew of the pending suit and talked with plain-tiff's counsel about it. Mr. Hodges was apparently of the opinion that the time for appearance of both the defendant and its driver was the same, and would be twenty days from the time of service on the latter. Service on him had not been obtained as promptly as upon Armored, however, and the time expired earlier as to it. We place no significance upon this, either as supporting or denying the right of the defendant to abrogation of the default judgment. The agent of Hartford made a mis-take; but he was not charged with the duty of appearing for Armored. The reason for failure to appear was the loss of the notice in Hartford's New York Office; if it had not been lost, a timely appearance would have been made, regardless of any conversation between Hodges and plaintiff's attorney, or of any misunderstanding of the law or the facts by the former.

IV. While the facts are not in dispute, we think different inferences may be drawn from them. The trial court was in the position of a trier of the facts, and its findings have the effect of a jury verdict. Handy v. Handy, supra, loc. cit. 250 Iowa 884, 96 N.W.2d 926. We find no error.—Affirmed.

All Justices concur except Hays, J., not sitting.