GENE DAVIS, appellant, v. FRED H. GLADE, d/b/a LAKE CANYADA, appellee.

No. 51581.

(Reported in 133 N.W.2d 683)

MARCH 9, 1965.

Peart, Lincoln & Wells, of Davenport, for appellant.

Newport, Wine & Schebler, of Davenport, for appellee.

THOMPSON, J.—On June 13, 1962, the plaintiff filed his petition, charging that the defendant owned and operated an amusement and recreational park in Scott County, and alleging certain negligences in the maintenance and inspection of a part of said facility known as Lake Canyada, and in failing to warn users of a defective condition. It was further charged that because of the specified negligences the plaintiff was injured, and damages were asked.

Notice of suit was duly served upon the defendant, who promptly took it to his attorneys, Doerr, Dower & Rehling, in Davenport, for attention. Within a few days after the service of the notice, about June 19, 1962, Mr. Dower contacted plaintiff's attorney who had the matter in charge, Mr. H. J. Lincoln, and told him that Mr. Rehling of their firm would handle the case. Either at this time, or a few days later, Mr. Dower told Mr. Lincoln that he had sued the wrong party; that a corpora-

tion known as Canade, Inc., was the owner and operator of Lake Canyada. Mr. Dower testified, and Mr. Lincoln admits, that at this time Mr. Lincoln assured Mr. Dower that he would not take default against the defendant.

The matter stood in this fashion, with no appearance entered by the defendant, for some fifteen months, when Mr. Lincoln set the case for trial and took a default and judgment against the defendant in the sum of $10,000. This was on September 18, 1963. On September 27 following the defendant filed his motion to set aside the default, supported by affidavits and alleging a meritorious defense. The trial court after hearing, granted the motion and set aside the default and judgment. Upon application of the plaintiff we granted leave to appeal from this order before final judgment.

I. As the plaintiff concedes in his brief, if nothing more appeared than that his counsel had promised that no default would be taken, there would be no question but that the order of the trial court was correct. But he thinks other circumstances shown in the record require a holding that the court's discretion was abused. Some reference to these matters must be made.

Chiefly, the plaintiff depends upon a letter written by the then counsel for the defendant to the Maryland Casualty Company under date of June 18, 1962. A copy of this letter was sent to plaintiff's counsel at the time it was written. It is now urged that in some manner this absolved counsel of his promise that he would not take default; perhaps that it indicated defendant's original attorneys, to whom he had made the promise, were no longer in the case. We do not think the letter is susceptible of this construction. It enclosed the notice of suit, stated that Doerr, Dower & Rehling had been advised that plaintiff's counsel had been in negotiation with an agent of the casualty company in regard to settlement, and closed: "Kindly acknowledge receipt of the enclosure and confirm that defense will be handled through you."

At the hearing on the motion to set aside the default there was evidence that the Maryland Casualty Company had replied, under date of June 26, 1962, pointing out that it insured only the corporation, that the defendant, Glade, was not covered by

its policy, and in effect declining to furnish a defense for him. There was evidence, denied by Mr. Lincoln, that the substance of this letter was communicated to him. Where there is controverted evidence in a hearing such as this, the finding of fact of the trial court is binding on us. However, the court in its ruling made no definite specific finding on the question whether Mr. Lincoln was advised that the insurance carrier would not defend for Glade.

But we do not find that the letter from Mr. Dower to the casualty company was in fact a withdrawal from the case by the defendant's counsel who had first contacted Mr. Lincoln and had received his assurance. The letter goes no further than to inquire whether the casualty company would assume the defense; and there seems to have been no good reason to think that Doerr, Dower & Rehling were abandoning their client until at least they were advised that someone else had been employed and would appear.

Mr. Lincoln, although frankly admitting that he promised no default would be taken, also testified that when advised he had attempted to lay the wrong party by the heels, he said that he "supposed someone would file something and he would know." Mr. Dower did not remember this statement. In any event, this was purportedly said in the same conversation in which he made the promise not to take default; and it does not seem to have been either in intent or in effect, a retraction of that promise.

██ ██ II. We have had occasion several times in recent years to consider default judgments, motions to set them aside, and the propriety of the trial court's rulings. It would be a needless waste of time and space to again discuss the principles settled by these cases at any length. We analyzed the governing rules in Hobbs v. Martin Marietta Co., 257 Iowa 124, 131 N.W.2d 772; Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922; and Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922. There we held that the fact findings of the trial court, unless without support in the evidence, are binding upon us on appeal; Hobbs v. Martin Marietta Co., supra, loc. cit. 257 Iowa 129, 131 N.W.2d 775; Edgar v. Armored Carrier Corporation, supra, loc. cit. 256 Iowa 704, 128 N.W.2d 924; and Handy v. Handy,

supra, loc. cit. 250 Iowa 884, 96 N.W.2d 926. Also, that the trial court has a broad discretion in ruling on these motions, and we will not interfere in the absence of a showing of abuse of such discretion; Hobbs v. Martin Marietta Co., loc. cit. 257 Iowa 128, 131 N.W.2d 775 ("the trial court exercises a broad or wide sound judicial discretion, which, unless clearly and manifestly abused, will not be disturbed on appeal"); Edgar v. Armored Carrier Corporation, loc. cit. 256 Iowa 704, 128 N.W.2d 924 ("The trial court has a broad judicial discretion in passing upon motions to set aside defaults; we are more reluctant to interfere with the grant of such a motion than with its denial"); and Handy v. Handy, loc. cit. 250 Iowa 884, 96 N.W.2d 926.

We have also said that our present rule 236, Rules of Civil Procedure, dealing with the setting aside of defaults, is more liberal than was the former statute on the subject, section 11589, Code of 1939; Edgar v. Armored Carrier Corporation, loc. cit. 256 Iowa 705, 128 N.W.2d 925. We set out herewith rule 236, which now governs:

"On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation."

■■ It remains to apply the rule and our interpretation of it to the facts set forth above. We think the trial court correctly held there was a basis for the exercise of its judicial discretion in setting the rule aside. It appears without contradiction, indeed by admission, that plaintiff's counsel agreed that no default would be taken. It seems that he interpreted the letter of defendant's attorneys to the Maryland Casualty Company as their withdrawal from the case; but we have said we do not so read it. It was no more than factual information that a suit had been commenced, and a request that the insurer advise that it would assume the defense; there was no indication that counsel intended to or did abandon the case, at least until they had defi-

nite word that the defense would in fact be taken over. Without implying bad faith on the part of plaintiff's attorney, it must be said that he owed the duty of advising counsel with whom he had made the agreement that he no longer considered it binding. We think the showing made by the defendant on the motion to set aside default affirmatively showed surprise, within the meaning of rule 236, rather than any excusable neglect.

III. The plaintiff urges that he was prejudiced by the ruling. He points out that in Edgar v. Armored Carrier Corporation, supra, loc. cit. 256 Iowa 707, 128 N.W.2d 926, we placed some emphasis upon this element, saying "and there has been no prejudice to the plaintiff * * *." It is true absence of prejudice is an important element in these cases. But we are unable to see where such prejudice to the plaintiff has resulted here. The motion to set aside the default was filed within nine days after the entry. The court's ruling left the plaintiff unharmed so far as the merits of the case are concerned; he still has his action pending against the defendant exactly as it was before the default was entered. It is apparently plaintiff's thought that prejudice results because he has lost his action against the corporation through the statute of limitations. But that is another suit. In fact, he was advised within a few days after his action was commenced against Glade that he had sued the wrong party, and that the corporation was in fact the owner and operator of the facility. Whether defendant's counsel owed him a duty to advise him of what they considered his mistake in suing the wrong party is not material; they did so tell him. In this they acted with the utmost fairness. If his action against the corporation has in fact been lost, that misfortune is in no way chargeable to the trial court or to the defendant. The plaintiff had more than one year after he was advised of the ownership and operation of the park by the corporation to bring his action against it, before the statute ran. His case is bottomed upon the ownership and operation of Lake Canyada and its facilities by the defendant. If the defendant did not in fact own and operate them, as his petition is drawn, plaintiff has no case. The motion to set aside default shows a meritorious defense when it alleges the corporation was in fact the owner and operator; and there is also a stipulation

of the parties appearing in the record that the real estate on which the lake is located was at all relevant times owned by Canade, Inc.

IV. The plaintiff cites and relies upon Booth v. Central States Mutual Insurance Association, 235 Iowa 5, 15 N.W.2d 893. The case is in fact adverse to his contention. The trial court there refused to set aside a default judgment, and we affirmed, saying the matter was within the discretion of the court. "We are reluctant to reverse a trial court, even in the denial of a motion of this kind, unless it has clearly abused its legal discretion." Loc. cit. 235 Iowa 11, 15 N.W.2d 896. The two Windus cases, Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410, and Windus v. Great Plains Gas, 255 Iowa 587, 122 N.W.2d 901, dealt with rule 215.1 and rule 252 respectively and so are not in point in a discussion of rule 236 pertaining to motions to set aside defaults, which concerns us in the instant case. In fact, we pointed out in the second Windus case that the quantum of evidence required to support an application to vacate a final judgment or order under rule 252 is greater than that necessary to warrant setting aside a default under rule 236. Rule 252 requires proof of "unavoidable casualty or misfortune"; while rule 236 provides a default may be set aside on a showing of "mistake, inadvertence, surprise, or excusable neglect". Loc. cit. 255 Iowa 594, 595, 122 N.W.2d 905, 906. We have also pointed out above that rule 236 is more favorable to an applicant who seeks to set aside a default judgment than was the previous statute; and so many cases decided prior to the adoption of the rule are not now in point.

V. We have said above that we think the taking of the default and judgment comes within the meaning of the term "surprise" in rule 236. But if there was any negligence on the part of the defendant's counsel, it was surely covered by the "excusable neglect" provision of the rule. Plaintiff's counsel had been advised of the representation of defendant by his then attorneys; he had told them no default would be taken; he had been advised of the situation with regard to the ownership and operation of the recreation facility by a corporation rather than by defendant; and that defendant's counsel expected the corpo-

ration would be brought into the case is apparent. In view of these facts their "neglect", if any there was, was excusable. Indeed, we doubt that plaintiff's counsel would seriously contend that reliance upon his promise that no default would be taken was "inexcusable" neglect.

The trial court was within its fair discretion in setting aside the default and judgment.—Affirmed.

All JUSTICES concur.