INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

SPERRY & HUTCHISON COMPANY, Appellee.

No. 53483.

Supreme Court of Iowa.

June 10, 1969.

Swift & Swift, and Cosson, Christianson, Hohnbaum & George, Des Moines, for appellant.

Jones, Hoffmann & Davison, Des Moines, for appellee.

GARFIELD, Chief Justice.

This is an interlocutory appeal by plaintiff granted by us under Rule 332, Rules of Civil Procedure, from an order under Rule 236 R.C.P. setting aside a default judgment in plaintiff's favor. There is little, if any, dispute in the record facts pertinent to the appeal.

On August 13, 1968 plaintiff, Insurance Company of North America, filed its petition at law in the district court at Ottumwa against Sperry & Hutchison Company, herein called S & H, to recover $89,843.50 as subrogee of Baker Music & Appliance and the owner of the building in which it was located in Ottumwa, both referred to here as Baker, alleging defendant's employees negligently caused a fire in an adjoining building occupied by S & H which damaged the Baker store, building and business in the amount alleged; that claim for such amount was made by Baker against plaintiff and paid by it under its policy of insurance issued to Baker.

On August 21, 1968, original notice of the action with copy of the petition attached was served on S & H by delivering a true copy thereof to Harlan Thoma in Des Moines, assistant vice president of Prentice Hall Corporation System, Inc., process agents of S & H. The original notice with sworn proof of service was filed in the district court at Ottumwa on September 12, 1968. The notice required defendant to appear before such court within 20 days after service thereof.

Also on September 12 plaintiff's attorneys appeared before the district court at Ottumwa, defendant's default was entered for failure to appear or plead as required by law, plaintiff's proof was submitted to the court which found it was entitled to judgment as prayed and it was accordingly entered.

On September 23 S & H filed its motion pursuant to Rule 236 R.C.P. to set aside the judgment entry on the ground its appearance and defense were not timely presented by reason of mistake, inadvertence, excusable neglect and unavoidable casualty in that the original notice was temporarily misrouted through the regular channels of large business operation as evidenced by attached affidavit of Robert L. Martin and that defendant has a valid defense to plaintiff's alleged cause of action. The affidavit of one of defendant's attorneys bearing on the matter of defense was also incorporated in the motion by reference.

Mr. Martin's affidavit stated he is loss-claim manager for the Des Moines division of Home Insurance Company, herein called Home; he first became aware of the litigation in question on September 17; subsequent investigation revealed the default judgment entered on September 12; later investigation disclosed that through mistake and inadvertence of self-insured individuals basic insurance coverage in a carrier other than his employer, to-wit Aetna

Casualty & Surety Co., and only a policy of "Excess Liability Coverage" having been issued by Home, the matter was not promptly forwarded for appropriate appearance; the cause has now been referred to defendant's present attorneys in Des Moines for such further proceedings as the court permits.

The affidavit of one of defendant's attorneys attached to its motion to set aside the judgment stated he first learned on September 17 of the default judgment in Ottumwa and two days later obtained copies of the pleadings and judgment entry in the case; affiant's firm has been retained by Home, excess liability carrier for S & H; the firm has been provided with sufficient facts and information to evaluate plaintiff's claim; affiant firmly believes a valid defense exists to it; the affidavit is made in good faith and solely for the purpose of protecting the interests of S & H and to accord it opportunity to present such defense and pursue its day in court.

Plaintiff's resistance to defendant's motion above summarized denied much of the motion and attached affidavits, denied sufficiency of the matters therein stated as grounds specified in Rule 236 for setting aside the default and alleged the attorney's affidavit did not support a claim there was a defense to plaintiff's petition. Plaintiff asked that Robert L. Martin appear for cross-examination under R.C.P. 116 and section 622.90 Code 1966.

At the hearing on the motion to set aside the default Mr. Martin stated on cross-examination by plaintiff's counsel that his first knowledge of the litigation came from a phone call from one of his superiors in Home's New York office; before then he had never been called by S & H; affiant's superior advised him the lawsuit was in the superior's hands, had been routed through the Aetna company on the presumption that most other locations it is the primary base of our "umbrella" coverage which normally includes the portion of claims in · excess of $100,000; affiant had no conver-

sation with Aetna but got this information as hearsay from Home's office; affiant did not feel there was any mistake on the part of Home; he did not know if Aetna made a mistake; he knows nothing about the insurance department of S & H or its manager nor as to whether they made a mistake; after he learned of the litigation affiant made no investigation through S & H and does not know what it did; he had some knowledge of where the delay occurred and why there was some confusion but couldn't put his finger on a specific thing the company did.

On examination by counsel for Home, Mr. Martin said he had no personal knowledge of what went on in New York; that was mere supposition on his part; he had no dealings with S & H.

Aside from reciting the procedural matters as to filing the petition in Ottumwa, service of original notice on process agents of S & H, entry of default judgment, filing the motion to set it aside, the resistance thereto, and examination of Robert L. Martin, the trial court found as facts it appears *from defendant's memorandum brief* that the original notice, first served in Des Moines on August 21, was sent to the S & H local office in Ottumwa, thence to its district manager (location not stated), thence to their New York office, thence internally in defendant's New York office to its insurance manager, thence mistakenly to the Aetna company which returned it, indicating lack of coverage, to defendant's insurance manager, thence to Home at a time concurrent with entry of the default judgment.

As conclusions of law the trial court held these alleged facts constituted good cause under R.C.P. 236, infra, for setting aside the default judgment. The court concluded sending the original notice to Aetna was under the mistaken belief it was the insurer which would defend the action and when it was determined otherwise the phone call was made to Home which was obligated to appear and defend for S & H.

The court further indicated it seemed clear defendant intended to appear and defend.

The trial court also concluded the affidavit of defendant's attorney attached to the motion to set aside the judgment denied the asserted cause of the fire and was a sufficient showing of a meritorious defense.

I. So far as now pertinent, R.C.P. 236 provides: "On motion and for good cause shown, * * * but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."

■ As Rule 236 indicates, it was defendant's burden to show or, as some of our decisions say, to plead and prove good cause which would support a finding of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. See Haynes v. Ruhoff, Iowa, 157 N.W.2d 914, 915; Hallett Construction Co. v. Iowa State Highway Comm., 258 Iowa 520, 530, 139 N.W.2d 421, 428 and citations; Hobbs v. Martin Marietta Co., 257 Iowa 124, 130, 131 N.W.2d 772, 775–776; Edgar v. Armored Carrier Corp., 256 Iowa 700, 704, 128 N.W.2d 922, 924; Rule 344(f) 5 R.C.P.

The trial court's findings of fact in such a matter as this are binding upon us if supported by substantial evidence. We do not review the facts de novo as in equity matters. See Rule 344(f) 1; Edgar v. Armored Carrier Corp., supra, at pages 704, 707 of 256 Iowa, pages 924, 926 of 128 N.W.2d, and citation; Davis v. Glade, 257 Iowa 540, 543, 133 N.W.2d 683, 685.

We have held several times the trial court has a broad discretion in ruling on such a motion as this and we will not interfere with its order in the absence of a showing of abuse of such discretion. Davis v. Glade, supra, and citations. Also, we are more reluctant to interfere with the grant of such a motion than with its denial. ibid. See also as bearing on this by analogy R.C.P. 344(f) 4.

In apparent recognition of the views just expressed, plaintiff-appellant's two assigned errors relied upon for reversal are, in substance, that the trial court abused its discretion in setting aside the default judgment since defendant, as a matter of law, (1) failed to sustain its burden of showing good cause therefor under Rule 236; and (2) failed to show a meritorious defense to plaintiff's cause of action.

With reference to this second assigned error we may say now that "good cause" under Rule 236 requires at least the good faith assertion of a claimed defense to plaintiff's case even though the rule does not expressly so provide. It would be a futile gesture to set aside a default judgment if defendant claimed no meritorious defense. Hallett Construction Co. v. Iowa State Highway Commission, supra, 258 Iowa 520, 530, 139 N.W.2d 421, 427–428 and citations.

Courts generally require at least a prima facie showing of a meritorious defense as a condition to setting aside a default even though the statute contains no such express provision. ibid and citations.

Defendant-appellee meets plaintiff's assigned errors, supra, by asserting the ruling appealed from was within the trial court's sound discretion.

Defendant's brief cites many precedents for the familiar rule that courts favor trial upon the merits. To this some of our cases add that the rights of a litigant should not be denied proper hearing by strict application of legal formalities. Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23 and citations; In re Estate of Millers, Iowa, 159 N.W.2d 441, 446–447.

We now consider the two assigned errors in the order stated supra.

II. If the trial court's findings of fact and conclusions of law based thereon are without substantial support in the record it

must be held it was an abuse of discretion to set aside the default judgment. We recognize of course, as R.C.P. 116 provides, that evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. Our decisions reveal affidavits are frequently used to sustain or resist such a motion as we have here. The only record before the trial court bearing on the first assigned error was the affidavit of Robert L. Martin and his testimony at the hearing.

■ Defendant's motion, which consisted of conclusions of fact and law, was not verified but, as stated, Mr. Martin's affidavit was attached and made part of it. His testimony must be considered in connection with the affidavit. This is the effect of Rule 116 and more clearly, in view of the discretion lodged in the trial court, of Code section 622.90.

■ We can find no substantial support in the record for the findings on which the trial court's order is based. The ruling indicates the court accepted as facts statements said to appear in defendant's memorandum brief. It is not part of the record and could not properly be considered as proof of what is said therein. Aside from what may be found in the memorandum nothing in the record supports the ruling but the suppositions of Mr. Martin based on hearsay information in a phone call from one of his superiors in Home's New York office.

There was no showing whatever, even from Mr. Martin, what the process agent of S & H on whom the original notice was served did with it, much less that it was sent (presumably by him) to the S & H office in Ottumwa, thence to its district manager and then to its New York office, as the trial court found. In fact Mr. Martin testified he knew nothing about the insurance department of S & H or its manager, whether they made a mistake, or what S & H did with the notice.

Mr. Martin's testimony also makes clear he knew nothing about what happened in New York between Home, Aetna or S & H except the information he received as hearsay from his superior in New York. Mr. Martin made no investigation himself. No proof was offered by affidavit or otherwise from anyone with personal knowledge of the facts that someone in Home's New York office sent the original notice to Aetna on the mistaken assumption it had assumed basic coverage on plaintiff's claim since it was less than $100,000 in amount. In short, as Mr. Martin said in concluding his testimony, what went on in New York would be mere supposition on his part.

III. We have carefully considered our prior decisions in this area, many of which are cited by both sides. In our view those on which defendant seems to place most reliance present considerably stronger support for setting aside the default judgment than the present record shows. We review them briefly.

In Hobbs v. Martin Marietta Co., supra, 257 Iowa 124, 131 N.W.2d 772, it was shown the person on whom the original notice was served in Cedar Rapids advised his superior thereof, forthwith sent it by certified mail to the assistant insurance manager of defendant company in Chicago who assured the sender by phone it had been forwarded by messenger to the company's insurance agency the day it was received. Although it was shown the notice was then delivered to the agency's mail room in accord with usual procedure, the agent never received it, did not know what happened to it and thus no appearance in the action was entered or defense made. The present record is wholly silent as to any such facts.

In Barto v. Sioux City Elec. Co. and Iowa Telephone Co., 119 Iowa 179, 93 N.W. 268, it was shown original notice on the telephone company was served on its local manager in Sioux City who immediately sent it to the company's general man-

ager in Davenport. The latter took it to the company's general counsel and the two agreed on the firm which should be employed to defend the action in Sioux City. Each understood from their conversation the other was to engage the firm and because of this mutual misunderstanding lawyers were not engaged and no appearance was entered.

Handy v. Handy, 250 Iowa 879, 96 N. W.2d 922, was a divorce action brought by the husband in which the attorney employed by the wife moved to another location during its three-year pendency and did not appear for trial on the date previously assigned. The court then permitted plaintiff to offer his evidence and caused defendant's counsel to be notified "if no action was taken by defendant by September 23rd (one week later)" the decree would be signed and defendant's cross-petition dismissed. Counsel construed this to mean he had all of September 23 to take action. The trial court held he could not say this construction of the notice was wrong and that filing of a motion on the afternoon of the 23rd to set aside the decree as prematurely filed in the forenoon was a compliance with the notice. We held setting aside the decree upon such a showing was a reasonable exercise of the court's discretion.

We note the Handy opinion approves these statements: "The excuse for having defaulted must be both pleaded and proved. (citations) The trial court has considerable discretion either way as to what is 'good cause' if a showing is made; but it must be shown, and the party seeking the relief has the burden. (citation) * * *."

The opinion also says: "The rule is clear that such a court determination can only be interfered with when it is without support in the evidence." (page 884 of 250 Iowa, page 926 of 96 N.W.2d.)

In Edgar v. Armored Carrier Corp., supra, 256 Iowa 700, 128 N.W.2d 922, the original notice was served on defendant's process agent in Des Moines, promptly forwarded to defendant in New York and by it to Hartford Accident and Indemnity Co., its insurance carrier, at its New York offices. *Affidavits of Hartford officials* showed the notice was promptly received by it but was lost or mislaid and never found. So it was given no attention and no appearance for Armored was entered before default and judgment were taken against it. In addition to these facts it was also shown by affidavit that a claim supervisor for Hartford in Des Moines orally indicated to plaintiff's attorney his belief. as to the time the original notice was served which would not require appearance for defendant until a week after the judgment was taken against it. The attorney's only reply to the supervisor was that the petition and return of service were on file in the courthouse.

We held setting aside the default judgment upon such showing was not an abuse of the trial court's discretion, citing Handy v. Handy, supra, for this (page 704 of 256 Iowa, page 924 of 128 N.W.2d): "But we may not interfere with the findings of the trial court * * * unless its determination is without support in the evidence."

In the four cases reviewed in this division the trial court's findings and determination are supported by evidence we cannot find in the present record.

Our holding that plaintiff's first assigned error must be sustained makes it unnecessary to pass upon its second assignment that defendant failed to show a meritorious defense to plaintiff's cause of action.

With instructions to reinstate the default judgment, the order appealed from must be

Reversed and remanded.

All Justices concur.