Cheryl J. HASTINGS, Administrator of the Estate of Crete Bryson Hastings, Deceased, and Alfred S. Cerruti, Administrator of the Estate of Kenneth Allen Cerruti, Deceased, Plaintiffs-Appellants,

v.

Donald ESPINOSA, Folley Bros., Inc., et al., Defendants-Appellees.

No. 2-68482.

Court of Appeals of Iowa.

Aug. 30, 1983.

Michael J. Galligan and William A. Wickett of James & Galligan, P.C., Des Moines, for plaintiffs-appellants.

Dorothy L. Kelley of Jones, Hoffmann & Davison, Des Moines, for defendants-appellees Combustion Engineering, Chamberlain, Hersh, Howk & Ballou.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The plaintiff appeals from the district court's ruling sustaining defendant's motions to set aside default judgments pursuant to Iowa Rule of Civil Procedure 236 and to vacate default judgments pursuant to Iowa Rule of Civil Procedure 252. The appeal from the Iowa Rule of Civil Procedure 252 order was taken as a matter of right and the appeal from the Iowa Rule of Civil Procedure 236 order was granted by the Supreme Court pursuant to Iowa Rule of Appellate Procedure 2. The plaintiffs assert that there was insufficient evidence to support the trial court's determination that the defendants Howk and Ballou were prevented from defending as a result of unavoidable casualty or misfortune and that the defendants Chamberlain and Hersh did not show good cause for their failure to timely appear and answer the petition. We affirm.

The plaintiffs' decedents were killed at a construction site near Chillicothe, Iowa, on January 4, 1979. On January 2, 1981, the plaintiffs filed a petition seeking damages resulting from the deaths of the decedents, asserting that the deaths resulted from the negligence of multiple defendants, including Danny Howk, an employee of Combustion Engineering, Inc., and the gross negligence of the decedents' employer, Combustion Engineering, Inc., and of Austin Ballou, Richard Chamberlain, Frank Jackson,

George Harriman and Len Hersh, employees of Combustion Engineering. Defendant Howk was served with an original notice on January 7, 1981. Defendant Ballou was served with an original notice on January 12, 1981. On March 3, 1981, defendant Chamberlain was served with the original notice and on March 4, 1981, defendant Hersh was served. All of these defendants contacted Combustion Engineering and were informed that their defense would be handled by the company.

An answer was filed on behalf of defendant Espinosa and all corporate defendants including Combustion Engineering by Combustion's wrap-around insurer, Aetna Insurance Company, on January 23, 1981. On January 26, 1981, a supervisor in the regional claims office of CNA Insurance Company, insurer for Combustion Engineering, was notified of a suit against Combustion Engineering and several of its employees. Combustion Engineering indicated that it wanted its employees protected. The supervisor called Brian Van Den Bosch, a CNA claims adjuster, to inform him of the lawsuit and to tell him to obtain a written extension of time to answer for Combustion Engineering and its employees. On January 27, 1981, Van Den Bosch called plaintiffs' attorney, David Phipps. Van Den Bosch claimed that he asked for and obtained an extension of time to answer for Combustion Engineering and its employees. Van Den Bosch indicated that CNA had a coverage question with respect to the employees of Combustion Engineering. He also asserted that Phipps indicated that it was not necessary to have an indefinite extension because Phipps thought that an attorney for Aetna Insurance Company had answered for everyone. Phipps allegedly agreed to call Van Den Bosch if the file needed to be moved. Phipps claimed that Van Den Bosch never asked for an extension for the individual employees. Neither sent a letter to the other to confirm the agreement.

Ed McAllister, a claims representative for Aetna, sent a letter to the director of insurance for Combustion Engineering on February 13, 1981, advising that Aetna had no coverage on Combustion Engineering's employees and suggesting that CNA or Combustion Engineering defend for them. On March 5, 1981, Van Den Bosch prepared an internal report for the CNA home office which stated that defendant Howk was an employee of a subcontractor and that defendants Ballou, Chamberlain and Hersh were employees of Combustion Engineering. It also stated that Aetna was defending all defendants. Apparently Van Den Bosch had not conducted an investigation to determine the employment status of Howk.

Motions for default were filed against defendants Howk and Ballou on March 11, 1981, on the basis of their failure to appear and answer. On March 16, 1981, default judgments were entered against defendants Howk and Ballou in the amount of $1,250,000. In reaching these amounts, the district court reviewed the contents of plaintiffs' attorney's file.

At a meeting with McAllister on March 15, 1981, Van Den Bosch discovered that Aetna had not appeared for any of the employees for Combustion Engineering. He indicated that he was surprised by this disclosure but believed his agreement with Phipps allowed the employees an indefinite period of time to answer. Motions for default were filed against defendants Chamberlain and Hersch on March 27, 1981. On March 31, 1981, default judgments were entered against defendants Chamberlain and Hersh in the amount of $1,250,000. The proof of damages was similar to the proof provided prior to the entry of default judgments against Howk and Ballou.

In a letter dated April 8, 1981, Van Den Bosch advised the CNA home office about the meeting with McAllister and advised CNA to answer for the named Combustion Engineering employees. He indicated that there was an unlimited extension of time to answer. CNA instructed Van Den Bosch on May 4, 1981, to forward the file to a law firm for the defense of Ballou, Chamberlain, Jackson, Harriman and Hersh. Van Den Bosch instructed counsel to defend for

these individuals, but did not instruct counsel to defend for Danny Howk.

On May 26, 1981, counsel retained by CNA to defend the employees of Combustion Engineering indicated that default judgments had been entered against Ballou, Chamberlain and Hersh. Van Den Bosch subsequently called the plaintiff's attorney who told him that Van Den Bosch never mentioned the employees in asking for an extension. According to Van Den Bosch, he indicated that the plaintiffs' attorney was incorrect and that the whole coverage question concerned the employees. The plaintiffs' attorney indicated that Van Den Bosch admitted during the conversation that he may not have mentioned the employees during the earlier conversation. Van Den Bosch denied making this statement.

Chamberlain and Hersh filed a motion to set aside the default judgment on May 29, 1981, asserting in part that the entries of default resulted from conduct of plaintiffs' counsel which misled the defendants into believing that the time to move and plead had been extended and that the entries of the default were the result of misunderstanding, accident or mistake concerning the communications between plaintiff's attorney and the defendants' insurers. On the same date defendant Ballou filed a petition to vacate judgment and for injunction asserting that the judgment against him had been obtained by fraud. The motion to set aside default judgment and the petition to vacate judgment were amended to assert that the default judgments were improperly entered since they did not state that any evidence was presented on the question of damages which provided the basis for the judgment amounts and that the plaintiffs were not entitled to an entry of a judgment without proof concerning damages.

Van Den Bosch was originally informed that Howk was an employee of Combustion Engineering on October 8, 1981. On November 25, 1981, Howk filed a petition to vacate judgment and for injunction, asserting that the judgment against him had been obtained by fraud and as a result of un-avoidable casualty. He also claimed that the default judgment was improperly entered because the plaintiffs were not entitled to a default judgment without proof concerning damages and that the judgment did not state that any such proof was presented to the court concerning the amount of damages which provided the basis for the judgment amount. Defendant Ballou amended his petition to allege that the default judgment was the result of unavoidable casualty.

In an order filed on April 8, 1982, the trial court sustained the motion to set aside the default judgments against Chamberlain and Hersh and the petitions to vacate the judgments against Howk and Ballou. The trial court found that Van Den Bosch obtained from plaintiffs' attorney an extension of time "within which Combustion Engineering, Inc. and its employees might appear and defend the action brought against them by the plaintiffs." The trial court determined that the extension was for an indefinite period of time and that the plaintiffs' attorney "without further notice proceeded to take the default judgment." The trial court did not find that the plaintiffs' attorney committed any fraud but stated that Van Den Bosch and his company "were justified in relying upon the agreement for an extension of time and could under all circumstances reasonably conclude that the extension applied to Combustion Engineering and all its involved employees." The trial court indicated that there was a complicated insurance coverage question and that the plaintiffs would not be prejudiced by the ruling.

Motions to vacate default judgments pursuant to Iowa Rule of Civil Procedure 252 and to set aside default judgments pursuant to Iowa Rule of Civil Procedure 236 are triable at law. *Williamson v. Casey,* 220 N.W.2d 638, 639 (Iowa 1974) (a proceeding under rule 236 is at law); *Jacobson v. Leap,* 249 Iowa 1036, 1041, 88 N.W.2d 919, 922 (1958) (proceedings under rules 252 and 253 are ordinary actions triable to the court and are at law). A trial court has wide discretion in making its ruling. The

burden is on the movant to plead and prove good cause to set aside the default or judgment or vacate the default or judgment. *Mishler v. Stouwie*, 301 N.W.2d 744, 747 (Iowa 1981); *Hansman v. Gute*, 215 N.W.2d 339, 342 (Iowa 1974). In granting or denying a motion to set aside a default, the trial court is vested with wide discretion and its findings on disputed facts are entitled to the same weight as a jury verdict. *Hansman v. Gute*, 215 N.W.2d at 342. The trial court, likewise, has considerable discretion in deciding whether to afford relief when a vacation of a judgment is sought, and we are more inclined to find abuse of discretion when relief from the judgment has not been granted than when it has been. *Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297, 303 (Iowa 1978) (review of Iowa R.Civ.P. 252); *Davis v. Glade*, 257 Iowa 540, 544, 133 N.W.2d 683, 685 (1965) (a review of Iowa R.Civ.P. 236 ruling). Even where the trial court makes no findings of fact or bases its ruling on a different ground, we will uphold the ruling if any proper ground appears in the record. *Williamson v. Casey*, 220 N.W.2d at 639. Although our review of the trial court's rulings on these motions are both on error and its findings of fact are binding upon the appellate court if supported by substantial evidence, the quantum of evidence required to support an application to vacate a final judgment or order under Rule 252 is greater than that necessary to warrant setting aside a default under Rule 236. *Davis v. Glade*, 257 Iowa at 546, 133 N.W.2d at 687. We, therefore, review separately the trial court's rulings on each of these motions.

I. Defendants Chamberlain and Hersh. Motions to set aside the default judgments against defendants Chamberlain and Hersh were timely filed under Iowa R.Civ.P. 236. *Davenport Bank & Trust Company v. City of Davenport*, 318 N.W.2d 451, 453 (Iowa 1982) (within sixty days of entry of judgment).

Iowa R.Civ.P. 236 provides in relevant part that "on motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." The burden is upon defendant-movant to plead and prove such good cause as will not only permit but require a finding of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. "The requisite 'good cause' is a sound, effective and truthful reason—something more than an excuse, plea, apology, extenuation or some justification for the resulting effect." *Hansman v. Gute*, 215 N.W.2d at 342.

Although it was disputed at trial, the trial court found that Van Den Bosch obtained from plaintiff's attorney Phipps an extension of time within which Combustion Engineering, Inc., and its employees might appear and defend the action brought against them by the plaintiffs. The trial court found the extension was for an indefinite period with the understanding that Phipps would advise Van Den Bosch if it became necessary to "move the case along."

We find this case to be factually analogous to the case of *Davis v. Glade*, 257 Iowa 540, 133 N.W.2d 683 (1965). There the plaintiff's attorney had agreed that no default would be taken against defendants in a personal injury action. After fifteen months the plaintiff's attorney set the case for trial and took a default judgment against the defendant. The court, without implying bad faith on the part of plaintiff's attorney, stated that the plaintiff's attorney "owed the duty of advising counsel with whom he had made the agreement that he no longer considered it binding." *Davis v. Glade*, 257 Iowa at 545, 133 N.W.2d at 686. Upon that basis the court held that the defendant had made a showing of surprise within the meaning of Iowa R.Civ.P. 236. Although the agreement in this case was between the plaintiff's attorney and an employee of defendant's insurer who had the responsibility of defending the litigation, we believe the plaintiff's attorney had a duty to inform Van Den Bosch that he no longer considered the agreement binding. Particularly where, as here, the agreement was between an attorney and a non-attor-

ney who, although he was familiar with the rules of civil procedure requiring answers to petitions, cannot be held to the same standard of competency in legal proceedings. The trial court's determination that there was an agreement between plaintiff's attorney and Van Den Bosch is supported by substantial evidence and, therefore, binding upon us on appeal.

 Further, the trial court found that the plaintiff suffered no prejudice as a result of the action. *See Davis v. Glade,* 257 Iowa at 545, 133 N.W.2d at 686 (absence of prejudice is an important element in these cases). The plaintiff's case is unharmed so far as the merits of the case is concerned; his action is pending exactly as it was before the default was entered. Moreover, defendants Chamberlain and Hersh were co-employees of the plaintiff's decedents. The plaintiff is required to establish gross negligence on their part before recovery is permitted against them on the merits. *Thompson v. Bohlken,* 312 N.W.2d 501, 505 (Iowa 1981) (elements necessary for employee to recover from a co-employee under Iowa Code § 85.20). Although "good cause" does not exist without a meritorious defense under Iowa Rule of Civil Procedure 236, we find that a defense based upon Iowa Code § 85.20 is a meritorious defense allowing the trial court to set aside the default judgment. *See Flexsteel Industries, Inc. v. Morbern Industries Limited,* 239 N.W.2d 593, 599–601 (Iowa 1976) (defendant's general denial constituted a prima facie showing of a meritorious defense). The trial court did not abuse its discretion in setting aside the default judgments against defendants Chamberlain and Hersh on the basis of surprise.

 II. Defendants Howk and Ballou. Because these defendants failed to file motions under Iowa R.Civ.P. 236 within the sixty day time period, they must file petitions under Iowa Rules of Civil Procedure 252 and 253. The relevant grounds under those rules in this case are irregularity or fraud practiced in obtaining the judgment and unavoidable casualty or misfortune preventing the party from prosecuting or de-

fending. Iowa R.Civ.P. 252(b) and (c). The trial court made no finding of fraud nor intent to deceive on the part of Phipps. The trial court did find the defendants had reasonably relied upon the agreement between Phipps and Van Den Bosch as an extension of time for the employees of Combustion to answer pending the determination of insurance coverage. Phipps testified that he believed the extension of time to answer was to allow CNA to determine whether they or Aetna had primary coverage on Combustion Engineering. Van Den Bosch, on the other hand, testified that he believed the extension of time to answer was to allow CNA to determine coverage of the individual employees named in the suit. There was substantial evidence to support the trial court's decision that there was no fraud or intent to deceive on the part of plaintiff's attorney Phipps. (*See Ford v. Barcus,* 261 Iowa 616, 622, 155 N.W.2d 507 (Iowa 1968) (elements necessary to establish fraud)).

The defendants, in order to obtain relief from the default judgment must, therefore, show "unavoidable casualty or misfortune." Those grounds were defined in *Claeys v. Moldenschardt,* 260 Iowa 36, 43, 148 N.W.2d 479, 483–84 (1967).

> [U]navoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor would have been done, and does not include mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, or the failure of parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune.

In *Claeys* the court also pointed out that:

> Defaults occurring through negligence or carelessness on the part of the judgment defendant or his attorney will not, of course, be set aside, for the law rewards the diligent, and not the careless. Moreover, one who, through carelessness or inattention to duty, brings misfortune

upon himself, will not, as a rule, be heard to complain.

*Id.* at 43, 148 N.W.2d at 484 (quoting *Windus v. Great Plains Gas,* 255 Iowa 587, 595, 122 N.W.2d 901, 906 (1963)). These principles were cited with approval by the court in *Mishler v. Stouwie,* 301 N.W.2d at 748, where it found that the trial court did not abuse its discretion in ruling that reliance upon the word of a co-defendant's mother that their interests would be protected was not unavoidable casualty or misfortune.

Defendants Howk and Ballou, shortly after being served with original notice of this action, contacted their employer, Combustion Engineering, and were told that the defense for all employees was being handled by Combustion. (Howk informed his construction site supervisor of the service of papers and Ballou informed the Safety Director for Combustion Engineering at corporate headquarters.)

When counsel that was retained by CNA to defend the employees of Combustion Engineering discovered the default judgments he promptly filed a petition to vacate judgment for defendant Ballou. It was not discovered until October 8, 1981, that defendant Howk was also an employee of Combustion Engineering. The original petition had named Howk only as an employee of a subcontractor and had alleged simple negligence only. (*See* Iowa Code § 85.-20 (requirement for gross negligence against co-employees)).

■■■ The trial court has considerable discretion in deciding whether to afford relief when a vacation of judgment is sought. *Kreft v. Fisher Aviation,* 264 N.W.2d at 303. As we stated above, the trial court's determination that the defendants reasonably relied upon the agreement for an extension of time to answer was supported by substantial evidence. Defendants intended at all times to defend the action. Van Den Bosch took pains to obtain an extension of time to determine the manner in which the

defense would proceed. It was reasonable for him to rely upon what was discussed with Phipps as an agreement for an indefinite extension. The plaintiff contends that the fact that Combustion Engineering and Van Den Bosch did not discover defendant Howk was an employee of Combustion Engineering at the time of the underlying cause of action arose indicates that the parties were negligent in investigating the incident.[1] They contend that under the stricter standard of Iowa R.Civ.P. 252 that even if the defendant's failure to answer was excusable negligence, they have failed to show unavoidable casualty or misfortune. *Davis v. Glade,* 257 Iowa at 546, 133 N.W.2d at 687. They assert, moreover, that under the stricter standard of Iowa R.Civ.P. 252 the negligence of defendants' insurer is to be imputed to the defendants. *Mishler v. Stouwie,* 301 N.W.2d at 748 (default occurring because of negligence on part of counsel will not be set aside). We note that the negligence of an insurer resulting in a default judgment is not imputed to the insured under Iowa R.Civ.P. 236. *Flexsteel Industries, Inc. v. Morbern Industries Limited,* 239 N.W.2d at 597–99 (the reliance by the insured upon the insurer must be reasonable). We do not find it necessary, however, to determine in this case if negligence of the insurer is to be imputed to the insured under the stricter standard under Iowa R.Civ.P. 252. (We note that many of the same policy considerations apply to both rules).

■■■ Even assuming CNA and Combustion Engineering had discovered defendant Howk was an employee of Combustion Engineering at the time the default judgments were entered, the entry of the default judgments could not have been prevented by knowledge of that fact alone. Defendants, through Van Den Bosch, did all that was necessary to obtain an extension of time to answer. The entry of default judgments against defendants Ballou and Howk was

---

1. Defendant Howk was hired for the construction job as a casual employee from the local union hiring hall. He was among 600 to 800 other employees working on the Chillicothe Power Plant Construction project and his employment with Combustion Engineering was only temporary.

unavoidable by any action these defendants could have taken.

As with the setting aside of the judgments against defendants Chamberlain and Hersh, the plaintiff suffers no prejudice as a result of the trial court's ruling vacating the default judgments against Howk and Ballou. Furthermore, the defense provided by Iowa Code § 85.20 establishes a prima facie meritorious defense for these defendants.

■ The trial court did not abuse its discretion in finding the default judgments were entered against defendants Howk and Ballou as a result of unavoidable casualty and misfortune, and in vacating the judgments on those grounds.

III. Damage Hearing. We find it unnecessary to reach the issues concerning the damage hearing held after the entry of the default because of our decision in divisions I and II above.

We affirm.

AFFIRMED.