# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0995
Filed May 13, 2026

————————————

**State of Iowa, ex rel. A.N.,**
Petitioner–Appellee,

v.

**Branden Jerad Nelson,**
Respondent–Appellant,

and

**Apiphany Jasmin Vance,**
Respondent.

————————————

Appeal from the Iowa District Court for Des Moines County,
The Honorable John M. Wright (support order) and the Honorable Clinton
R. Boddicker (post-judgment motions), Judges.

————————————

**AFFIRMED**

————————————

Branden Jerad Nelson, Burlington, self-represented appellant.

Brenna Bird, Attorney General, and Andrea Smith Hixson and Gary J.
Otting, Assistant Attorneys General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Branden Nelson appeals from the order denying his motions to vacate and stay enforcement of an order entered under Iowa Code chapter 252C (2025) and denying his motion to quash the income withholding order. Because Nelson does not provide a valid ground for vacating judgment and his other motions are premised on its success, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Nelson is the father of A.N., born in 2023. In April 2025, Iowa Child Support Services (CSS) served Nelson with notice of its intent to obtain an order requiring him to pay ongoing monthly support for A.N. The notice informed Nelson that he could contest the action by requesting a hearing with the district court and informed him of the timeframe for contesting the action. Nelson never requested a hearing, and CSS entered an administrative order in May 2025 requiring Nelson to pay $393 per month in child support and to provide medical support and health care coverage for A.N. The district court found no defects and approved the order.

Nelson moved to vacate and stay enforcement of the approval order. Nelson claimed that the order imposes an "extreme financial burden" on him and alleged that the child support guidelines were misapplied because consideration was not given to his existing support obligations. Nelson also moved to quash an income withholding order entered less than one week later.

The district court denied Nelson's motions after a hearing. The court found that Nelson did not allege proper grounds for vacating the judgment under Iowa Rule of Civil Procedure 1.1012, nor did he follow the procedure set out in rule 1.1013. The court observed,

The simple fact remains that Nelson had a chance to request a court hearing in this case but did not. In addition, he was properly served with notice of these proceedings, thus protecting his rights of due process, but he chose to sit on his rights and not respond. Accordingly, his Motion to Vacate must be overruled and denied. As for Nelson's Motion for Stay, Motion to Quash, and Motion to Compel, the Court finds that those motions should be overruled and denied as well.

## SCOPE AND STANDARD OF REVIEW

We review the ruling on Nelson's post-judgment motions for correction of errors at law. *See State ex rel. Goettsch v. Diacide Distribs., Inc.*, 596 N.W.2d 532, 537 (Iowa 1999). Nelson must show good cause to set aside the judgment. *See Hastings v. Espinosa*, 340 N.W.2d 603, 607–08 (Iowa Ct. App. 1983). We give the district court wide discretion in deciding motions to set aside judgment, and its findings bind us if supported by substantial evidence. *Id.*

## DISCUSSION

Nelson raises three issues on appeal. First, he contends that his due process rights were violated when the court entered an order for income withholding before hearing his post-judgment motions. Next, he challenges the calculation of his child support obligation. Finally, Nelson claims that his cumulative support obligations exceed federal limits on wage garnishment in violation of his fundamental rights.

But Nelson does not address the defects noted by the district court: (1) he did not provide grounds for vacating the order under rule 1.1012,[1] and

---

[1] Although he did not raise the ground in his motion to vacate, Nelson later claimed newly discovered evidence as a basis for vacating the order. *See* Iowa R. Civ. P. 1.1012(6) (allowing the court to vacate an order on the grounds of "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial"). But this ground cannot be relied on to set aside a default judgment. *See*

(2) he did not follow the procedure for doing so under rule 1.1013.[2]  Because Nelson did not follow court rules, we cannot grant the relief he requests.

Nelson instead tries to challenge the underlying support order, but he is too late.  He was served notice of CSS's attempt to obtain support for A.N. and the amount of that support.  He was informed of how the support obligation is calculated, his right to contest the action, and how to do so.  Finally, he was warned that the court would enter a support order if he did not request a court hearing.  No hearing was requested, and the order was entered.  Without a valid ground for vacating it, Nelson is left with the consequences of his inaction.  Nelson has not shown good cause to vacate the judgment.  Because his motions to stay enforcement and quash the income withholding order are premised on vacating the judgment, we affirm the denial of all three motions.

**AFFIRMED.**

---

*Embassy Tower Care, Inc. v. Tweedy*, 516 N.W.2d 831, 834 (Iowa 1994) (holding that the plain language of the rule "makes clear . . . that it applies only when a trial has previously been held").

[2] Under Iowa Rule of Civil Procedure 1.1013(1),

> [a] petition for relief under rule 1.1012 requires payment of the filing fee set forth in Iowa Code section 602.8105(1)(a), or if made in small claims, the filing fee set forth in section 631.6(1)(a), and must be filed and served in the original action within one year after the entry of the judgment or order involved.  It shall state the grounds for relief, and, if it seeks a new trial, show that they were not and could not have been discovered in time to proceed under rule 1.977 or 1.1004.  If the pleadings in the original action did not allege a meritorious action or defense the petition shall do so.  It shall be supported by affidavit as provided in rule 1.413(3).