### In re MARRIAGE OF Julie Lynn HENEMAN and Dale Paul Heneman.

### Upon the Petition of Julie Lynn Heneman, Petitioner-Appellee,

### And Concerning Dale Paul Heneman, Respondent-Appellant.

### 85–1845.

Court of Appeals of Iowa.

Sept. 25, 1986.

Loren Mitchell, Estherville, for respondent-appellant.

Julie Fillenwarth of Fillenwarth & Fillenwarth, Estherville, for petitioner-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

On October 4, 1983, appellee Julie Heneman filed a dissolution of marriage in Emmet County District Court. On the same day appellant Dale Heneman was served with original notice and proceeded to move out of the family dwelling. On October 10, 1983, a temporary order of support was entered by the district court, appellant having failed to appear in person or by an attorney. At no time did Julie attempt to enforce this order. After Dale left the family home the parties entered marriage counselling. This counselling led to, in December 1983 or January 1984, appellant returning to the family home. The parties

lived together as husband and wife for the next sixteen months.

On April 10, 1985, the appellee told appellant that she was going to proceed with the dissolution. There is evidence that at or about this time the parties discussed divorce, the division of property, and child support. Appellant, at the hearing to vacate, testified that he knew he had to be out of the family home on April 22, 1985.

Appellee appeared in district court with her attorney on April 22, 1985. At this hearing Julie testified to certain facts regarding the marriage but she did not mention to the court that the parties had reconciled for the past sixteen months. Appellant did not appear in person or with attorney at this proceeding. The court entered the Decree of Dissolution on the same date.

On May 6, 1985, Dale filed his Petition to Vacate Judgment, alleging actions by Julie that amounted to extrinsic fraud and irregularity in the judgment. In his Resistance to Appellee's Motion to Dismiss appellant further specified his request as a motion to vacate pursuant to Iowa Rules of Civil Procedure 252 and 253. A hearing on the Petition to Vacate was held on June 17, 1985, and an order denying said petition was entered on November 15, 1985. The trial court concluded that appellant had failed his burden and that his petition should therefore be denied.

Appellant asserts that the trial court abused its discretion in denying him relief pursuant to Rules 236 and 252. Further, Dale contends that if he is denied relief under these rules he is thereby denied due process of law.

■ In reviewing a proceeding to vacate judgment, pursuant to Rule 252 and 253, we recognize that it is an action at law and therefore our review is not de novo. *Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 303 (Iowa 1978). The trial court has considerable discretion in deciding whether to vacate a judgment. *In re Marriage of Bauder,* 316 N.W.2d 697, 700 (Iowa Ct. App.1981).

■ We note that at no time did Dale file a motion to set aside default, pursuant to Rule 236. In fact, the first mention of Rule 236 was in the trial court's order. There is a distinct difference between a motion to set aside default and a motion to vacate judgment. They not only have different time limitations (Rule 236, sixty days and Rule 252, one year), but they involve different criteria relating to the court's decision making process. (The limitation period of Rule 236 recently upheld under equal protection challenge in *Mishler v. Stouwie,* 301 N.W.2d 744, 747 (Iowa 1981)). Rule 236 requires "good cause shown" and allows the setting aside of a judgment for "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." While 252 provides that the court may vacate on the following grounds:

(a) Mistake, neglect or omission of the clerk;

(b) Irregularity or fraud practiced in obtaining the same;

(c) Erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record;

(d) Death of a party before entry of the judgment or order, and its entry without substitution of his proper representative;

(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under R.C.P. 244.

Finally, we note that the amount of evidence required to support an application to vacate a final judgment is greater than that necessary to warrant setting aside a default judgment. *Hasting v. Espinosa,* 340 N.W.2d 603, 608 (Iowa Ct.App.1983) (citing *Doris v. Glade,* 257 Iowa 540, 546, 133 N.W.2d 683, 687 (1965)).

■ The appropriate standard regarding review of motions to vacate judgment is that the trial court's findings of fact have

the effect of a jury verdict, and those findings are binding upon us if there is substantial evidence to support them. *Stouwie*, 301 N.W.2d at 747.

Appellant seeks relief pursuant to Rule 252(b), therefore he has the burden to prove such fraud or irregularity. *Espinosa*, 340 N.W.2d at 608. Extrinsic fraud is some act or conduct of the prevailing party which prevented a fair submission of the controversy. *Bauder*, 316 N.W.2d at 699. It includes the lulling of a party into a false sense of security or preventing him from making a defense. *Stearns v. Stearns*, 187 N.W.2d 733, 735 (Iowa 1971). Such evidence of fraud must be shown by clear and convincing evidence. *Id.* A finding of extrinsic fraud as a basis for vacating a judgment would be justified only by the most egregrious misconduct; at the very least would require a showing of fault, willfulness, or bad faith. *Miller v. AMF Harley Davidson Motor Co., Inc.*, 328 N.W.2d 348, 353 (Iowa Ct.App.1982).

Dale was originally served with process on October 4, 1983. At that time Dale did not retain a lawyer, he says because they (Dale and Julie) were seeking counselling. After their reconciliation Dale "figured" that Julie had gone in and closed the divorce action, in fact he took it for granted. On April 10, 1985, Dale knew Julie was in the process of getting a divorce. He testified he considered this a new action and he was waiting to receive written notice. In April, 1985, the parties discussed child support, custody, and property and debt division.

Appellant cites *In re Marriage of Short*, 263 N.W.2d 720 (Iowa 1978), as an analogous case which conclusively supports his appeal. In *Short* the Supreme Court reversed the denial of a motion to vacate because the trial court had summarily dismissed the motion, thereby denying respondent's right to create a record. The court never reached the question of whether extrinsic fraud had been committed by petitioner. This decision in no way benefits our consideration of the present case.

Here we must consider whether appellant sustained his burden of showing the fraud or irregularity by clear and convincing evidence. The "fraud" used in Rule 252(b) includes "any act, omission or concealment which involves a breach of legal or equitable duty, trust or confidence, and is injurious to another, and by which an undue or unconscientious advantage is taken of another." *Copic v. Copic*, 325 N.W.2d 766, 769 (Iowa Ct.App.1982) (quoting *Reimers v. McElree*, 238 Iowa 791, 797, 28 N.W.2d 569, 572 (1957)). At all times Julie was open with Dale: she notified him of the original action, she made a sincere effort to reconcile, she told him in April 1985 that she was proceeding with the divorce, and in fact, sat down and discussed the proceedings with Dale. Appellee did not commit any fraud. On the other hand, Dale did nothing to protect his rights: from October 4, 1983, until December 1983 or January 1984, he was out of the family dwelling, in counselling, and he did not seek an attorney. During the sixteen-month period of reconciliation Dale assumed that the action had been dismissed, he or counsel could have easily confirmed such assumption. On April 10, 1985, Dale knew a divorce proceeding was upcoming. Again, he sat on his hands, assuming that written notice would be provided for the "new" suit. From April 10 to April 22 Dale could have retained counsel. In *Windus v. Great Plains Gas*, 255 Iowa 587, 595, 122 N.W.2d 901, 906 (1963), the Supreme Court stated:

> Defaults occurring through negligence or carelessness on the part of the judgment defendant or his attorney, will not, of course, be set aside for the law rewards the diligent, and not the careless. Moreover, one who, through carelessness or inattention to duty, brings misfortune upon himself, will not, as a rule, be heard to complain.

(Quoting *Barton v. Sioux City Electric Co.*, 119 Iowa 179, 183, 93 N.W. 268, 270 (1903)).

We affirm the decision of the trial court based not only on the court's broad discretion but also upon our finding that Dale was careless and lacked diligence in

protecting his rights. We note that the district court should have limited its consideration to Rule 252, but that such failure is not reversible error because Rule 236 provides a less stringent standard which appellant nevertheless failed to fulfill.

Appellant on appeal contends that if he is denied relief under Rule 252, he is thereby denied due process of law. After a careful review of the record, we find that this issue was not presented to the district court for a ruling. Questions not presented to and not passed on by the trial court cannot be raised or reviewed on appeal. *Shill v. Careage Corp.*, 353 N.W.2d 416, 420 (Iowa 1984). Even if we did consider this question as being appropriate for our review the Supreme Court has decided that no rule exists which requires notice of hearing to be given to a party prior to entry of default judgment where there has been personal service of original notice. *Claeys v. Moldenschardt*, 260 Iowa 36, 43–4, 148 N.W.2d 479, 484 (1967).

Finally appellee contends that she should be awarded attorney fees for this appeal. We disagree and order the parties to pay their own attorney fees. Costs of appeal shall be borne by appellant.

AFFIRMED.