# IN THE COURT OF APPEALS OF IOWA

No. 16-0958
Filed November 8, 2017

**RAYMOND SULLINS,**
Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
Defendant,

**and**

**CITY OF DES MOINES AND SAFARI II, L.L.C.,**
Intervening Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


A former tenant appeals the district court's denial of his certiorari petitions.

**AFFIRMED.**


Raymond W. Sullins, West Des Moines, pro se appellant.

Luke M. DeSmet, Assistant City Attorney, for intervening defendant-appellee City of Des Moines.

David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for intervening defendant-appellee Safari II, L.L.C.


Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Raymond Sullins appeals the district court's denial of his certiorari petitions, which challenged the legality of two small claims actions. He raises a number of claims on appeal. Because we conclude the district court correctly determined it had no jurisdiction to review the petitions for writ of certiorari involving the district associate court, res judicata prevents Sullins from raising his claims against the small claims courts, and the district court property denied Sullins's motion for a new trial, we affirm the decision of the district court.

## I.  Background Facts and Proceedings.

Sullins rented a commercial space from Safari II, L.L.C., for his wood pallet business. Safari brought a forcible entry and detainer (FED) action against Sullins in small claims court after the City of Des Moines cited Safari, as the property owner, for violation of the city zoning code. In the citation, the City alleged the storage of the wood pallets on the property did not conform to the zoning ordinance in effect for the property.[1] The FED petition alleged Sullins violated the terms of the lease agreement with Safari by being in violation of the city ordinance. After a hearing on the FED petition on September 8, 2015, the FED court filed a written ruling that stated: "After careful review of the lease, this court finds that defendants[2] have violated numerous terms of the lease[;] therefore[,] defendants shall be removed from the property."

---

[1] The City's zoning violation proceeding was brought in a separate small claims action apart from the FED proceeding against Sullins.
[2] Sullins held the lease along with this son, Matthew Sulllins, who was a party to the FED action, but Matthew is not a party to this certiorari action.

The ordinance violation proceeding between Safari and the City was continued pending the resolution of the FED proceeding. On September 22, 2015, Sullins filed a petition to intervene in the ordinance violation proceeding, asserting he was the "real party in interest as a party in possession pursuant to a multi-year lease of the real estate premises that are the subject of this action." The City resisted the motion to intervene, and the court issued an order denying the motion without a hearing on September 25, 2015. Three days later, Sullins filed a second petition to intervene in the ordinance violation proceeding. The following day, the court ruled the "matter had been previously ruled upon."[3]

Sullins appealed both the FED decision and the denial of his petition to intervene in the zoning ordinance proceeding to the district associate court, which denied both appeals. In the ordinance violation appeal, the district associate court found the interests of Safari and Sullins were the same, so Safari could adequately protect the interests of Sullins. The court also noted, "No facts were presented to show that Sullins did not violate the municipal ordinance." In the FED appeal, the district associate court ruled, "Reasonable evidence was presented [at the FED hearing] to establish that there were violations of the Municipal Code." Because a violation of the municipal code is a violation of the lease agreement, it concluded the FED court's ruling was "legally sufficient." The district associate court concluded there was "a sound factual basis for the Magistrate's determination that [Sullins] violated the requirements of the lease and that the FED was properly granted."

---

[3] On the day set for hearing on the ordinance violation proceeding, Safari and the City filed a stipulation wherein Safari agreed the property was in violation of the zoning ordinance and agreed to pay a $375 civil penalty and court costs.

Sullins sought discretionary review of the district associate court's denial of his appeal from the FED proceeding. The supreme court denied discretionary review in November 2015. There is no indication in this record that Sullins sought discretionary review of the district associate court's denial of his appeal from the ordinance violation proceeding.

Next, Sullins filed certiorari petitions in the district court, challenging the small claims courts' rulings in the FED proceeding and the zoning ordinance proceeding and also challenging the district associate court's appeal decisions in both of those cases. Safari defended the small claims court decisions and district associate court decisions, and the district court permitted the City to intervene. All matters were consolidated by the district court, and at the hearing on the petitions, the district court permitted Sullins's motion to amend his petitions to include an allegation that the decisions of the lower courts should be vacated based on irregularities. *See* Iowa R. Civ. P. 1.1012(2).

The district court issued a written ruling that denied Sullins's claims. The district court noted it had no jurisdiction over certiorari petitions filed in reference to district associate court decisions; those must be filed in the supreme court. *See* Iowa R. App. P. 6.107. It also rejected Sullins's claims that the district associate court decisions should be vacated based on an irregularity.

With respect to the denial of Sullins's motion to intervene in the zoning ordinance violation proceeding, the district court ruled that while the case law cited by the small claims court and the district associate court was procedurally and factually different from Sullins's case, the small claims court correctly denied Sullins's intervention petition. The district court determined the denial of

intervention was justified because Sullins's interest in avoiding the city ordinance violation was adequately represented by Safari. The district court noted Sullins may have been entitled to intervention under the permissive intervention rules, but the small claims court is accorded discretion when ruling on a permissive intervention under Iowa Rule of Civil Procedure 1.407(2). Therefore, the district court found no irregularity or illegality in the denial of Sullins's petition to intervene.

As to the FED action, the district court concluded the FED court did not act illegally because it could and did independently find Sullins violated the lease. The district court noted the FED court's decision was "brief" but found it was supported by substantial evidence entered at the hearing on the FED petition.

Sullins responded to the district court's ruling by filing a motion for a new trial. The court treated the motion as both a motion for a new trial and a motion to enlarge and reconsider, and it largely denied the claims raised. Sullins now appeals the district court's denial of his certiorari petitions. Both Safari and the City filed briefs supporting the decision of the district court.

## II. Scope and Standard of Review.

"A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise has acted illegally. Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *State Pub. Def. v Iowa Dist. Ct.*, 886 N.W.2d 595, 598 (Iowa 2016) (citations omitted). Therefore, our review of the district court's ruling in a writ of certiorari case is for the correction of errors at law. *Id.*

We review the district court's denial of a petition to vacate under rule 1.1012(2) for the correction of errors at law. *In re Marriage of Heneman*, 396 N.W.2d 797, 799 (Iowa Ct. App. 1986). "The trial court has considerable discretion in deciding whether to vacate a judgment." *Id.* "[T]he trial court's findings of fact have the effect of a jury verdict, and those findings are binding upon us if there is substantial evidence to support them." *Id.* at 799–800.

## III. Analysis.

Sullins makes a number of claims on appeal asserting in both small claims proceedings the courts acted illegally and irregularly, the district associate court acted illegally and irregularly in ruling on the appeals from the small claims court, and the district court breached its independent duty "to deal with issues under the Iowa Code of Judicial Conduct."

### A. Challenges to the District Associate Court's Decisions.

As an initial matter, we agree with the district court that the petitions for writ of certiorari challenging the district associate court's appeal decisions relating to the small claims proceedings were not properly before the district court. Jurisdiction over writs of certiorari challenging district associate court decisions lies in the supreme court, not the district court. *See* Iowa R. App. P. 6.107(1)(a) ("Any party claiming a district court judge, an associate district court judge, an associate juvenile judge, or an associate probate judge exceeded the judge's jurisdiction or otherwise acted illegally may commence an original certiorari action in the supreme court by filing a petition for writ of certiorari as provided in these rules."). Therefore, we conclude any challenge to the illegality

of the district associate court's decision was properly denied by the district court, and we will not further address Sullins's challenges to those decisions.

Sullins further alleges that for a multitude of reasons the district associate's decisions were "irregular" under Iowa Rule of Civil Procedure 1.1012(2) and those decisions should be vacated. For a court decision to be vacated on the grounds that it is "irregular," Sullins must show he suffered an adverse ruling "because of some action or inaction on the part of the court or some court personnel" and that action or inaction was "contrary to some prescribed rule, mode of procedure, or court practice involving the conduct of a lawsuit." *See Costello v. McFadden*, 553 N.W.2d 607, 612 (Iowa 1996). In addition, Sullins "must not have caused, been a party to, or had prior knowledge of the breach of the rule, the mode of procedure, or the practice of the court." *See id.* Except with respect to Sullins's claim that the district associate court failed to follow proper procedure when faced with Sullins's recusal motion, none of Sullins's claims against the district associate court allege the court or court personnel took action or failed to take action in contravention to a "prescribed rule, mode of procedure, or court practice involving the conduct of a lawsuit." *See id.* Thus, the district court was correct to deny Sullins's claims of irregularity.

The district court was also correct to deny Sullins's claim that the district associate court's decision must be vacated based on the failure of the district associate judge to follow proper procedure in addressing Sullins's many recusal motions. The court stated:

> [T]here were no grounds for recusal that would demonstrate [the district associate judge] erred in denying Sullins'[s] recusal motion. Sullins'[s] criticism of [the district associate judge's] interpretation of

the controlling law does not warrant recusal. [The district associate judge] found no reason to recuse himself and such a decision is entrusted to his judgment. The record indicates no reasons warranting [the district associate judge's] recusal.

We agree with the district court's evaluation of Sullins's claim and find no error at law.

## B. Challenges to the FED and Ordinance Violation Proceedings.

Next, Sullins claims the district court erred in rejecting his petitions for writ of certiorari and petitions to vacate based on claims of illegality and irregularity with respect to the small claims FED and ordinance violation proceedings. However, we conclude the district court correctly denied Sullins's petitions because all the claims raised by Sullins were previously raised before the district associate court in the appeals from the small claims proceedings and are now barred by res judicata. *See Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 516 (Iowa 1998) ("Res judicata is a generic term that includes claim preclusion and issue preclusion.").

The claims that the district associate court specifically addressed in its appeal decision are barred by issue preclusion.[4] *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (noting the four prerequisites to issue preclusions are "(1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the

---

[4] In its appellate brief, the City acknowledges that the district court did not dismiss Sullins's claims based on the doctrine of issue preclusion, but it notes that the defense of issue preclusion was raised before the district court, and as such, we may rely on that defense on appeal. *See Johnston Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 17 (Iowa 1992) ("Our cases are legion which hold that a trial court may be affirmed on grounds upon which it does not rely.").

determination made of the issue in the prior action must have been necessary and essential to the resulting judgment"). In his petitions for writ of certiorari from the small claims decisions, Sullins raised issues identical to the ones made in his appeal to the district associate court, and the district associate court specifically ruled on the those issues in denying his appeal. Sullins cannot raise the issues again hoping for a different result.

The claims that Sullins raised in the appeal to the district associate court that were not specifically addressed by the court in its ruling are barred by claim preclusion.[5] *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011) (noting the doctrine of claim preclusion holds "a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof" and "claim preclusion will apply 'not only to matters actually determined in an earlier action but to all relevant matters that could have been determined'" (citation omitted)). The elements of claim preclusion in this case have been met—"(1) the parties in the first and second action are the same," "(2) there was a final judgment on the merits in the first action," and "(3) the claim in the second suit could have been fully and fairly adjudicated in the prior case." *Id.* at 836.

The parties have been the same in each of the filings: Sullins, Safari, and the City. The appeal decision issued by district associate court was the final adjudication of the small claims proceedings. While the district associate court

---

[5] While our supreme court left unanswered the question of whether a court can raise claim preclusion sua sponte, *see In re Marriage of Ginsberg*, 750 N.W.2d 520, 522 (Iowa 2008), we are persuaded such action is permitted, and in this case necessary. Doing so allows the appellate court to "protect itself from litigation by a party who has already had his right finally determined in the district court," and allows us to give due respect to "the considered judgments of the district court arrived at after a fair hearing and upon due consideration." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997).

did not specifically rule on some of the claims Sullins raised, Sullins did not file a posttrial motion under Iowa Rule of Civil Procedure 1.904(4), asking the district associate court to decide those claims. Instead, in the FED proceeding Sullins filed a petition for discretionary review with the supreme court, which was denied. That action taken by the supreme court made the small claims FED proceeding final. In the ordinance violation proceeding, it does not appear Sullins filed a posttrial motion or a petition for discretionary review, and the time for doing so has long since passed, so the district associate court's decision is the final ruling on that matter as well.

In the district associate court appeal, Sullins had a full and fair opportunity to litigate his claims of error surrounding the small claims proceedings. Sullins not only had the opportunity to litigate the claims but also did in fact raise the same claims he asserts now in the appeal from his petitions for writ of certiorari. The remedy he seeks in this appeal is the same remedy he sought in the appeal action in front of the district associate court—the reversal of the small claims rulings to allow him to remain in the rental property and permit him the opportunity to prove he was not in violation of the city ordinance.

> [A] party must try all issues growing out of the claim at one time and not in separate actions. An adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination. Simply put, a party is not entitled to a "second bite" simply by alleging a new theory of recovery for the same wrong.

*Id.* (citation omitted). Sullins should not now get a second bite at the apple through a petition for writ of certiorari to obtain a ruling on claims previously raised before the district associate court in the appeal from the small claims

proceedings. *See id.* ("A second claim is likely to be barred by claim preclusion where the 'acts complained of, and the recovery demanded are the same or where the same evidence will support both actions.'" (citation omitted)).

We thus conclude the claims Sullins raises on appeal attacking the small claims proceedings are barred by both issue preclusion and claim preclusion.

### C. Challenges to the District Court's Writ of Certiorari Proceeding.

Finally, Sullins also raises challenges to the district court's decision denying his motion for a new trial. He claims the district court committed error and proceeded in an irregular manner by "breaching [its] sua sponte and independent duty to deal with issues under the Iowa Code of Judicial Conduct." In addressing this claim in the motion for a new trial, the district court held:

> The court conducted numerous hearings on the writ petitions and the procedural matters surrounding the petitions. The parties submitted written briefs, replies, and motions. The record contained the parties' filings along with transcripts of the hearings before the magistrates and on appeal. The court applied the law, read the record, and considered the parties arguments without irregularity. If an irregularity did occur, though none have been specifically alleged, the irregularity did not prevent Sullins from obtaining a fair trial.

The court also again found that the FED small claims court did not exceed its proper jurisdiction or otherwise act illegally. Therefore, there was no reason for the district court to find the magistrate in the small claims proceeding violated the judicial code of conduct. We find no error at law or abuse of discretion in the district court denial of Sullins's motion for a new trial. *See Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001) ("The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion. 'To the extent the motion is based on a discretionary ground, we

review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error.'" (citations omitted)).

We affirm the district court's decision.

**AFFIRMED.**